354 So.2d 110 (1978)
James STEVENS, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1759.
District Court of Appeal of Florida, Third District.
January 17, 1978.
*111 Bennett H. Brummer, Public Defender, and Beth C. Weitzner, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Linda Collins Hertz, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
The single point presented on this appeal is as follows:
"Whether the trial court erred in denying a motion to suppress evidence seized from the defendant where such evidence was the product of an unreasonable and unlawful search and seizure."
The defendant was stopped by police when he was getting into his car in what appeared to be an intoxicated condition. The incident occurred in a high crime area in the early morning hours. While checking his driver's license, the defendant was observed making motions toward an object wrapped in a towel and concealed in the front seat. At the directions of the investigating officer, a second officer went to the other side of the car and discovered that the object was a short-barrel rifle. Defendant was arrested for carrying a concealed weapon and was sentenced to three years in prison for possession of a firearm by a convicted felon.
The defendant urges that the search was unlawful because the officers did not have reason to believe that a firearm was concealed in the car. While the officer did not articulate that he was fearful that the defendant had a weapon, the facts of the case are such that he was reasonably justified in conducting the search to protect his person. At oral argument, the defendant relied principally on Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). We hold that Sibron is not applicable because that case concerned a search for heroin and no facts were brought out at that trial which would indicate that the policeman had knowledge reasonably supporting a belief that the defendant was in possession of a firearm.
We hold that the facts of the present case satisfy the function of Section 901.151, Florida Statutes (1975), and the pronouncements of the Supreme court of the United States in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). See also United States v. Tharpe, 536 F.2d 1098 (5th Cir.1976). Cf. Phillips v. State, 284 So.2d 485 (Fla.3d DCA 1973); and Wigfall v. State, 323 So.2d 587 (Fla.3d DCA 1975).
Affirmed.