382 So.2d 327 (1980)
Joseph Bryan MAYO, Appellant,
v.
STATE of Florida, Appellee.
No. OO-349.
District Court of Appeal of Florida, First District.
January 10, 1980.
Rehearing Denied April 4, 1980.
*328 John C. Cooper, of Douglass, Davey & Cooper, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., for appellee.
PER CURIAM.
Mayo appeals his conviction of possession of more than five grams of marijuana entered after he pleaded nolo contendere reserving his right to appeal. He urges that the trial court erred in denying his motion to suppress, contending that the initial stop of his vehicle was illegal and the ensuing warrantless search invalid due to a lack of probable cause or exigent circumstances. We find no error and affirm.
On the evening in question, at approximately 10:30 P.M., Officers McDearmid and Hancock, in separate vehicles, were routinely patrolling Rhoden Cove, a public boat landing, because nearby residents had complained of rowdy parties being held there. The officers had been checking this area for several months and McDearmid was aware that the party goers frequently left the public area and went onto the adjoining private property. He knew there was an old fence along the property line which had been cut down and "posted" signs had been torn down by the young people who partied at the landing.
McDearmid notified Hancock that he intended to check the "back side"  a rut road which circled off the public road onto the private property. As McDearmid started onto the rut road, he saw Mayo's vehicle exiting and when Mayo reached the county property, McDearmid stopped him. While waiting for Mayo to produce his identification, McDearmid saw a "smoking pipe that is customarily used for smoking marijuana." With the aid of his flashlight, he then visually examined the remainder of the car. In the front seat area he saw a small baggie of material, which, based on his experience, appeared to be marijuana; in the back, he saw an open box containing a larger baggie of the same material. McDearmid arrested Mayo and his passenger, seized the marijuana and paraphernalia.
We first determine whether the initial stop was grounded on a founded or reasonable suspicion that Mayo had violated the law. Coladonato v. State, 348 So.2d 326 (Fla. 1977); D.C.E. v. State, 381 So.2d 1097 (Fla. 1st DCA 1979). "A founded suspicion is a suspicion which has some factual foundation in the circumstances observed by the officer, when these circumstances are interpreted in the light of the officer's knowledge." State v. Stevens, 354 So.2d 1244, 1247 (Fla. 4th DCA 1978).
McDearmid knew the area Mayo was leaving was private property. He knew that residents had complained about rowdy parties at the landing, and he knew that the young people frequently trespassed onto the private property.
In assessing the reasonableness of the stop, it is necessary to balance the governmental interest involved against the privacy rights being invaded. Terry v. Ohio, 392 U.S. 1, *329 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The Terry court found the governmental interest in effective crime prevention and detection justifies a brief intrusion into privacy rights when the officer can "point to specific and articulable facts which, taken together with rational inferences from these facts, reasonably warrant that intrusion." 392 U.S. at 21, 88 S.Ct. at 1880. McDearmid was investigating a possible trespass. This justified the minor intrusion of an investigative stop. See also Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972).
Appellant argues that Delaware v. Prowse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), compels reversal. Not so. In Delaware v. Prowse, the court held only that motorists may not be stopped or detained without a reasonable or articulable suspicion that "either the vehicle or an occupant is otherwise subject to seizure for violation of law," 99 S.Ct. at 1401; our holding today is in accord. The totality of the circumstances  the time of night, the location, the rut road onto private property, McDearmid's knowledge that the land had been posted and his knowledge of prior trespassers created a reasonable or founded suspicion that Mayo was violating the law. State v. Stevens, supra; State v. Payton, 344 So.2d 648 (Fla.2d DCA 1977).
The subsequent search of the vehicle and the seizure of the marijuana were also proper. McDearmid, being where he had a legal right to be, observed marijuana-smoking paraphernalia and baggies containing what appeared to be marijuana. McDearmid had been a deputy sheriff for eighteen years and testified that he had observed drug paraphernalia many, many times. "Probable cause exists if a reasonable man, having the specialized training of a police officer, in reviewing the facts known to him, would consider that a felony is being or has been committed by the person arrested." State v. Profera, 239 So.2d 867 (Fla. 4th DCA 1970); Adams v. State, 375 So.2d 638 (Fla. 1st DCA 1979).
It is well settled that probable cause alone justifies the search of an automobile on the highway. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Mahoney v. State, 300 So.2d 743 (Fla. 1st DCA 1974). Affirmed.
McCORD and LARRY G. SMITH, JJ., concur.
ROBERT P. SMITH, Jr., J., dissents.