GRIMES, Judge.
In this appeal from his conviction for armed robbery, appellant challenges the denial of his motions to suppress identification and evidence.
After reviewing the evidence with respect to the motion to suppress identification in light of the criteria established by the Court in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 875, 34 L.Ed.2d 401 (1972), we cannot say that the procedures used to procure the identification were so impermissi-bly suggestive as to create a substantial likelihood of misidentification. The record sufficiently supports the denial of that motion.
The ruling on the motion to suppress evidence is more troublesome. Only three witnesses testified at the hearing on this motion. Evelyn Wooten stated that she was working at the Jiffy Food Store in Clewiston shortly after midnight on July 9, 1978, when she was robbed at gunpoint by one man. She described the man and his clothing to the police but did not see the car in which he fled.
Deputy Fennell testified that he heard a BOLO broadcast from Clewiston at about 2:00 a. m. The BOLO gave the following information:
Armed robber, our city, approximately thirty minutes ago; negro male, 6'3", a hundred and eighty pounds with beard, robbed convenience store; vehicle, green Duster with black hood, unknown direction of travel; armed and dangerous.
Deputy Fennell observed a car, which fit the description given in the BOLO, parked in the lot of a closed gas station in Lake Placid. When he approached the car, he *655 saw a black male asleep on the seat and a pistol lying on the console. The sleeping man fit the description given in the BOLO. Deputy Fennell then requested a backup unit. After its arrival, the officers reached into the window in order to get the gun and arrested appellant for the Clewiston robbery. They seized $106.40 in currency and coins and eight .32 caliber bullets from appellant’s pockets. They also seized the gun and a hospital shirt with the word “Shands” on it which appellant was wearing. The third witness was Jim Benton, one of the backup officers, who corroborated Fennell’s testimony.
Appellant argues that since the source of the description of the car given in the BOLO was never revealed, the arrest, made on the basis of the BOLO, was without probable cause, and that because the arrest was unlawful, the seizure of various items of evidence was also unlawful. We agree up to a point.
In Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971), the Court held that a BOLO does not itself provide probable cause. The officer issuing the BOLO must have had probable cause in order for an arrest based only on the BOLO to be lawful. Thus, the determining factor is whether the information provided to the officer who issued the BOLO came from a reliable source. St. John v. State, 363 So.2d 862 (Fla. 4th DCA 1978).
The only witness called who had been at the scene of the robbery was Mrs. Wooten. She could not have provided the description of the car because she did not see it. Consequently, there was no evidence of the source of the description of the car or anything which would demonstrate the reliability of that source. Therefore, because the officers relied solely on the BOLO to provide probable cause for the arrest and because the car description was the most significant aspect of the BOLO,[1] the state did not meet its burden of showing that the search was made incident to a lawful arrest.
However, our analysis cannot stop here. The automobile and its occupant matched the description given in the anonymous[2] BOLO. Even without the observation of the gun, this was enough indicia of reliability to justify an intrusion in the nature of a “stop and frisk”. State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979); Byrd v. State, 380 So.2d 457 (Fla. 1st DCA 1980). Obviously, the officers could take possession of the gun to protect themselves during the course of their investigation. Florida’s “Stop and Frisk Law” itself, permits the seizure of a weapon. § 901.151(5), Fla.Stat. (1979). Therefore, the gun, unlike the other items, was properly admitted into evidence at the trial.
To recapitulate, the court should have suppressed the money, the bullets and the shirt[3] because the officers lacked probable cause under the anonymous BOLO to make the arrest and thereby seize these items. The court properly admitted the gun because facts observed by the officers sufficiently matched the BOLO so as to give them .the right to make a “stop and frisk” investigation and thereby seize the gun which was in plain sight.
We reverse the judgment and remand the case for a new trial.
SCHEB, C. J., and BOARDMAN, J., concur.

. Presumably, Mrs. Wooten furnished the robber’s description contained in the BOLO, but this was so generalized that, standing alone, it could not have provided probable cause for the arrest of a person a substantial distance from the crime scene two hours after the crime was committed.

. From our review of the trial testimony we doubt that the BOLO actually came from an anonymous source, but for the reasons discussed above we must treat the BOLO as anonymous.

. Even though appellant’s shirt could not be introduced into evidence, this would not prevent the officers from describing it upon retrial since it was in plain view.