GRIMES, Acting Chief Judge.
The state charged appellant with burglarizing a police supply store. He filed a motion to suppress certain tangible evidence which the court denied. Subsequently, the court adjudicated him a delinquent. On appeal he argues that the denial of his motion to suppress was error.
At about 2:30 a. m. on June 1, 1980, Tampa Police Officer R. J. Pierce saw appellant and a companion approach him on a moped. As they passed, the officer observed a nightstick and a long “kel-lite” flashlight partially wrapped in newspaper attached to the rear of the motorbike. Realizing that it was uncommon for persons other than police officers to possess these items, Officer Pierce stopped appellant and his friend to determine where they had gotten the flashlight and nightstick.
After making the stop, the officer, for his own protection, seized the nightstick and flashlight. As he did so, a pair of handcuffs fell from the newspaper. This further aroused Officer Pierce’s suspicions, and he directed another officer to determine whether a nearby police supply store had been burglarized. He then learned that someone had stolen nightsticks, kel-lites, handcuffs and watchbands from the store. He arrested both suspects, and a search revealed that their pockets contained numerous watchbands. Footprint and tire track comparisons at the supply store further implicated them in the burglary.
The outcome of this appeal turns on the question of whether Officer Pierce had a right to stop appellant in the first place because, if he did not, he could not have legally seized the contested items. Before a law enforcement officer may stop and temporarily detain an individual for investigation, he must have a founded suspicion that the person has committed, is committing or is about to commit a crime. Lewis v. State, 337 So.2d 1031 (Fla.2d DCA 1976); § 901.-151(2), Fla.Stat. (1979). Such a suspicion is one “which has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer’s knowledge.” State v. Stevens, 354 So.2d 1244, 1247 (Fla. 4th DCA 1978).
Appellant analogizes his situation to those cases in which the courts have deemed merely possessing a paper bag or making furtive glances at an approaching officer, without more, to be insufficient to create a founded suspicion for an investigatory stop. Lewis v. State, 382 So.2d 1249 (Fla. 5th DCA 1980); Ingram v. State, 364 So.2d 821 (Fla. 4th DCA 1978); Parker v. State, 363 So.2d 383 (Fla. 3d DCA 1978); Vollmer v. State, 337 So.2d 1024 (Fla. 2d DCA 1976). However, we find these cases inapposite on their facts.
We concur with the state’s contention that under the circumstances known to Officer Pierce at the time of the stop, he had more than a mere hunch that appellant and his companion were involved in criminal activity.[1] See Mayo v. State, 382 So.2d 327 (Fla. 1st DCA 1980); State v. Stevens. *557 It was highly unusual for appellant and his companion to have with them in the middle of the night two items ordinarily carried together only by policemen. By itself, the kel-lite flashlight might not have been out of place. However, the possession of the nightstick along with it, while not illegal, was extraordinary. It would not stretch the imagination to surmise that the boys planned to use the nightstick and the flashlight for a nefarious purpose. In any event, Officer Pierce had a reasonable basis to think that they might have recently stolen the two items. Therefore, we hold that there was sufficient evidence to support the trial court’s conclusion that Officer Pierce predicated his investigatory stop upon a founded suspicion.
AFFIRMED.
OTT and DANAHY, JJ., concur.

. We reject the state’s alternative argument that since section 790.001(3)(a), Florida Statutes (Supp.1980), defines a “billie” as a weapon, Officer Pierce properly made the seizure incident to an arrest for carrying a concealed weapon. Pierce didn’t purport to make an arrest for carrying a concealed weapon. Moreover, the weapon was not concealed because he saw it before he made the stop. Powell v. State, 369 So.2d 108 (Fla. 1st DCA 1979).