395 So.2d 1202 (1981)
The STATE of Florida, Appellant,
v.
Clifford BROWN and Anthony Crumity, Appellees.
No. 80-1197.
District Court of Appeal of Florida, Third District.
March 10, 1981.
Rehearing Denied April 14, 1981.
*1203 Janet Reno, State Atty. and Stephen V. Rosin, Asst. State Atty., for appellant.
Bennett H. Brummer, Public Defender and Michael Zelman, Asst. Public Defender, for Anthony Crumity.
Long & Smith and Harold Long, Jr., Miami, for Clifford Brown.
Before HUBBART, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
The order under review suppressing the evidence in this cause is reversed and the cause is remanded to the trial court for further proceedings upon a holding that: (a) the defendants [Clifford Brown and Anthony Crumity] were lawfully stopped by the police and subjected to a valid temporary detention based on articulable suspicion of auto theft and driving with an expired license plate, State v. Stevens, 354 So.2d 1244 (Fla.2d DCA 1978); (b) the furtive hand movements of both defendants under the car seat, during the subsequent police investigation after the stop, constituted articulable suspicion that the defendants were armed and dangerous, which, in turn, justified the police in searching under the car seat and seizing two guns thereunder  after the police had validly ordered both defendants out of the car, Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977); Brown v. State, 358 So.2d 596 (Fla.2d DCA 1978); Stevens v. State, 354 So.2d 110 (Fla.3d DCA 1978); and (c) the lack of standing contention raised by the state is not here reached as, in any event, the instant search was a reasonable one even assuming the defendants had standing to challenge the search, see Gray v. State, 177 So.2d 868 (Fla.3d DCA 1965), cert. denied, 188 So.2d 815 (Fla. 1966).
Reversed and remanded.