BOARDMAN, Judge.
The state appeals the trial court’s order granting appellee’s motion to suppress evidence. The order was predicated on a finding that the initial stop of appellee’s vehicle was unjustified.
The only witness who testified at the hearing, Officer Hauck, testified that he was sent to the Coats’ residence on Shore Drive to investigate a burglary that had taken place a few days earlier. The victims told Hauck that on their way home that evening they had seen the same car leaving their neighborhood that they had observed the night of the burglary. They described the vehicle as a white, four-door, older model Ford, Chrysler, or Dodge. They also gave the officer the vehicle’s tag number and a description of the driver.
Mrs. Coats told Hauck that when they pulled alongside this vehicle, she noticed that the driver looked very similar to the individual she had seen leaving their house carrying a pair of bolt cutters on the night of the burglary. She described this person as a male in his twenties with frizzy brown hair.
Mr. Coats told the officer that the driver of the vehicle was the same man he had had a conversation with on the evening of the burglary. During his search of the neighborhood on the night of the burglary, Mr. Coats had encountered this man a block and a half from Coats’ residence. The man said he was chasing his girl friend’s dog. Mr. Coats then returned to his house to await the police. While waiting, Mrs. Coats observed an old, white automobile leave the neighborhood.
Immediately after the conversation with Mr. and Mrs. Coats, Officer Hauck proceeded down Shore Drive to a gas station in order to complete his report. A few minutes later he observed a white, older model Dodge or Chrysler matching the description given him by the victims. Although a female was driving the vehicle, Hauck observed that the passenger was a male in his early twenties or late teens with brown frizzy hair. The officer stopped the vehicle, and after the vehicle came to a stop, Hauck noticed that the driver and passenger had switched seats. Neither appellee nor his companion had a driver’s license, so Hauck arrested appellee for driving without a driv *843 er’s license and allowing an unauthorized person to drive the car. Appellee’s companion was also arrested for driving without a driver’s license.
The vehicle was blocking the normal flow of traffic and the entrance to a parking lot. Hauck had the vehicle towed from the scene because there was no one to take care of it. During an inventory search of the automobile, Hauck discovered a pair of bolt cutters in the trunk which Mr. Coats later identified as his.
After being advised of his Miranda rights appellee denied committing the burglary, but acknowledged that he had encountered Mr. Coats on the evening of the burglary.
It is well settled that before an officer may stop and temporarily detain an individual for an investigation, he must have a founded suspicion that the person has committed, is committing, or is about to commit a crime. § 901.151(2), Fla.Stat. (1979); C. F. v. State, 394 So.2d 555 (Fla.2d DCA 1981).
Appellee contends that Officer Hauck’s information was insufficient to give rise to such a founded suspicion. He argues that the information given by Mr. and Mrs. Coats must be viewed as an anonymous tip because Hauck had no way to verify the reliability or credibility of the victims. Appellee relies on Smith v. State, 389 So.2d 654 (Fla.2d DCA 1980), and State v. Hetland, 366 So.2d 831 (Fla.2d DCA 1979), affirmed, 387 So.2d 963 (Fla.1980). We disagree. Both Smith and Hetland are factually distinguishable. They involved truly anonymous sources. Here Mr. and Mrs. Coats were known to Officer Hauck as the victims, and they had ample opportunity to view both appellee and his automobile. Their descriptions were detailed, and both the vehicle and appellee matched their descriptions. They must therefore be considered reliable sources for the purpose of evaluating the information available to Hauck. See Lachs v. State, 366 So.2d 1223 (Fla.4th DCA 1979).
We hold that the facts available to Officer Hauck gave rise to at least a founded suspicion that appellee had committed a crime. The stop of appellee was therefore proper.
Accordingly, the trial court’s order granting appellee’s motion to suppress is REVERSED and the cause REMANDED.
HOBSON, Acting C. J., and DANAHY, J., concur.