COBB, Judge.
Patterson was charged with committing grand theft in the second degree in violation of section 812.014, Florida Statutes (1979). She moved to suppress a portion of the stolen property that was seized by the arresting officers. After a hearing on the motion, the trial court denied it. Patterson then pled nolo contendere to the charge and reserved the right to take an appeal of the denial of the motion to suppress. Both the state and Patterson’s counsel stipulated that if the trial court had granted the motion to suppress, it would have been disposi-tive of the felony charge. The trial court accepted the plea, adjudicated the appellant guilty as charged, and placed her on probation. On this appeal, Patterson contends that the trial court erred in denying the motion to suppress.
The only witness to testify at the suppression hearing was the arresting officer, Katherine Ellis. While in her cruiser, she heard a report over her radio with regard to a shoplifting that had just taken place in the Winter Park Mall. The dispatch reported that the items taken were a light brown pair of pants and a shirt; the vehicle was described as a red Pinto with a current Florida tag, number FAZ058; the vehicle was traveling northbound from Ivey’s with a black male driving it and a black female occupant who had pink curlers and a beige dress. The witness spotted the vehicle while it was still at the mall and stopped it. The officer had the driver exit the car and asked him for some identification. She then spotted the two items in the back end of the Pinto, partially covered by a leather jacket that had been described in the radio dispatch. The officer then noticed that the appellant, who was in the front passenger seat, was bending over, apparently attempting to conceal something beneath her dress or her legs. The officer had the appellant get out of the car, placed her under arrest for shoplifting, and put her in the back of her patrol car. The officer then returned to the Pinto to see what the appellant had been trying to hide. The officer found two handbags under the front seat, and opened them up to make sure that there were not any weapons in them. Inside the handbags, the officer found other articles of clothing, sunglasses, and jewelry that had been taken from various stores at the mall without having been paid for. The officer planned to let the driver go with the vehicle. There was no search warrant and no permission to search the vehicle.
*1191 Patterson does not contest her arrest or the seizure of the two stolen items that were in plain view in the back of the Pinto. Her contention is that the search under the front seat of the Pinto was not justified, since she had already been removed from that car and placed in the police car, and therefore the items found in the two purses should be suppressed. These items make the difference between whether the theft was petit or grand. Conversely, the state argues that the search and seizure of these items was justified as either (1) a search incident to an arrest, or (2) an “automobile exception” search based on probable cause combined with exigent circumstances.
Patterson was already in police custody at a safe distance from the Pinto at the time the search was made; therefore, the search was not incident to her arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); Granville v. State, 348 So.2d 641 (Fla. 2d DCA 1977); Ackles v. State, 270 So.2d 39 (Fla. 4th DCA 1973); State v. Welsh, 84 N.J. 346, 419 A.2d 1123 (1980). Since the police officer was arresting a thief and stolen items were visible in the car, there was probable cause for the officer to believe that there might be other stolen items in the Pinto. This probable cause, combined with the exigent circumstance that the driver of the Pinto was going to drive it away, gave the officer justification to conduct a warrantless search of the Pinto. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Mayo v. State, 382 So.2d 327 (Fla. 1st DCA 1980); State v. Dupart, 383 So.2d 1226 (La. 1980). However, once the police officer looked under the seat of the Pinto and seized Patterson’s two purses, there was no longer an exigent circumstance requiring an immediate search of the purses and, therefore, the officer should have procured a warrant to search the purses. United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) (footlocker); Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979) (luggage); Ulesky v. State, 379 So.2d 121 (Fla. 5th DCA 1979) (purse); Liles v. State, 375 So.2d 1094 (Fla. 1st DCA 1979) (satchel); United States v. Benson, 631 F.2d 1336 (8th Cir. 1980) (tote bag). We recognize the rationale of the arguments contained in Judge Cowart’s dissent. However, his arguments were raised in the dissents of Chadwick and Sanders and were rejected by the majorities in those cases.
Accordingly, we must reverse the denial of the motion to suppress and remand for further proceedings on charges of petit theft.
REVERSED and REMANDED.
ORFINGER, J., concurs.
COWART, J., dissents with opinion.