SCHEB, Chief Judge.
Appellant Russell Rizzo contends that the trial court erred in refusing to suppress evidence seized during an inventory search of his automobile. We agree and reverse.
On May 10, 1980, Deputy Hauck of the Pinellas County Sheriff’s Office stopped appellant’s vehicle on the suspicion that appellant had committed a crime. When appellant was unable to produce his driver’s license as requested, the deputy arrested him. He then conducted an inventory search of appellant’s vehicle, and discovered a pair of bolt cutters which were later identified as belonging to the victim of the burglary which Deputy Hauck was investigating. Hauck did not inform appellant that his vehicle would be impounded unless he could provide a reasonable alternative.
The state prosecuted Rizzo for burglary; however, the trial court granted Rizzo’s motion to suppress the evidence seized from his vehicle on the ground that the initial stop was not justified. The state appealed and this court reversed finding that Deputy Hauck had a well-founded suspicion that appellant had committed a burglary. State v. Rizzo, 396 So.2d 842 (Fla. 2d DCA 1981). On remand appellánt sought to suppress the evidence revealed by the inventory search on the ground that Hauck failed to advise him that impoundment would not occur if he could provide a reasonable alternative.[1] The trial court refused to suppress this evidence, and appellant filed this appeal.
In Miller v. State, 403 So.2d 1307 (Fla.1981), the supreme court held that when the owner or possessor of a motor vehicle is present, the arresting officer must advise the arrestee that the vehicle will be impounded unless the arrestee can provide a reasonable alternative to impoundment. There are some exceptions, i.e., when a vehicle is unattended, its owner is not reasonably available or is mentally incapacitated. None of the exceptions are involved here.[2]
Therefore, as it is undisputed that the deputy failed to advise Rizzo that his vehicle would be impounded unless he could provide a reasonable alternative, the search was invalid. Accordingly, we vacate the trial court’s order denying the motion to suppress, and remand for further proceedings consistent with this opinion.
GRIMES and CAMPBELL, JJ., concur.

. Appellant attacked the inventory search in his initial motion to suppress but, because of its initial order, the court did not review the legality of the search until after our remand.

. In Sanders v. State, 403 So.2d 973 (Fla.1981), the supreme court elaborated on its holding in Miller v. State noting that Miller does not mandate that an arrestee must be advised of all available options to impoundment.