JOANOS, Judge.
Hooper was convicted of grand theft of property. He appeals the denial of his motions to suppress evidence, and to exclude identification testimony of a police officer based on a stop of a vehicle in which he was a passenger. We affirm.
At 12:34 a.m. Officer Gaff received a call from Mrs. Frederick, who is 70 years old and lives in a secluded area north of Amelia Island Plantation. On her property is a closed luncheonette and there are woods across the street and no residences in the area. She reported that she had heard a male voice outside her building and then observed a vehicle parked outside. This vehicle drove off before Gaff arrived, however, while Mrs. Frederick and Gaff were talking, the vehicle again drove past her building. Gaff pursued the vehicle, stopped it, and obtained identification from the driver and passenger. He did not issue a traffic citation or make an arrest. Later that morning, Gaff learned there had been a theft from the Honeydripper liquor and package store, located near the area of the stop, in which a blue overnight bag and about $40,000 had been reported taken. He recalled seeing a blue overnight bag in the vehicle he had stopped following Mrs. Frederick’s call. Having obtained identification at the time of the stop Gaff was' able to locate Everett Campbell, the driver of the car, obtain arrest and search warrants for Campbell, and recover $20,000 from Campbell’s home. Campbell testified for the state at trial. The information also led him to obtain an arrest warrant for Hooper. The subject of the objection and motion contending the stop was illegal was Gaff’s testimony at trial identifying Hooper as the passenger in the car he had stopped after Mrs. Frederick’s call.
In order to justify the stop of the vehicle in which Hooper was a passenger, the officer must have had a founded suspicion that the occupants were about to commit or had committed a crime, that is, “a suspicion which has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in light of the officer’s knowledge. ‘Mere’ or ‘bare’ suspicion, on the other hand, cannot support detention.... Mere suspicion is no better than random selection, sheer guesswork, or hunch, and has no objective justification.” State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978). Some of the factors to be considered in deciding whether there was a founded suspicion are the time, day of the week, location, physical appearance of the suspect, behavior of the suspect, appearance and manner of operation of any vehicle involved, anything incongruous or unusual in the situation as interpreted in light of the officer’s knowledge. Id. At the hearing, the possibility of an attempted burglary or trespass was mentioned as the subject of the founded suspicion.
In the present case, the officer was justified in stopping the vehicle. He had been called to a secluded area early in the morning to investigate an unfamiliar vehicle which was parked on what was apparently private property, at least it was not a downtown business area, and the luncheonette apparently had been closed for years. In addition, as Officer Gaff stood talking to the caller, Mrs. Frederick, the same car drove past again, adding to the suspicious circumstances. In Codie v. State, 406 So.2d 117 (Fla.2d DCA 1981), the court found the fact that the vehicles in question were parked on private property, the dimly lit side parking lot of a closed gas station, as *527 opposed to being in a public parking lot during business hours, to be a compelling circumstance, although in Codie there also had been numerous reports of criminal activity in the area to support the officer’s suspicion. See also Mayo v. State, 382 So.2d 327 (Fla. 1st DCA 1980). Cf. Lower v. State, 348 So.2d 410 (Fla.2d DCA 1977). Some guidance may also be drawn from Lightbourne v. State, 438 So.2d 380 (Fla.1983). Although we recognize in that case there had been no stop and thus no founded suspicion was necessary, the court thought it significant in determining the reasonableness of a detention that the officers were responding to a call from a citizen to investigate a suspicious automobile, thus “they were not acting on their own ‘hunch’ as in ‘roving patrol’ cases.” In the present case Officer Gaff also was responding to a call from a concerned citizen, rather than acting upon his own hunch. Because of the circumstances we have determined that the trial court could properly conclude that Officer Gaff had a founded suspicion which justified his stop of the auto, thus the motion to exclude his testimony identifying Hooper as the person he had stopped was correctly denied.
Hooper also contends that a brown money wrapper found during a search of his residence should have been suppressed, however, the trial court properly concluded, having made a credibility determination in favor of the officers’ testimony, that the officers had obtained consent to search the residence.
AFFIRMED.
LARRY G. SMITH and WENTWORTH, JJ., concur.