449 So.2d 976 (1984)
George Bernard SHAW and Cleveland Sweetson Shaw, Appellants,
v.
STATE of Florida, Appellee.
No. AT-201, AT-202.
District Court of Appeal of Florida, First District.
May 10, 1984.
*977 John T. McKnight, Brunswick, Ga., for appellants.
Jim Smith, Atty. Gen., and Andrea Hillyer, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
George Shaw and his brother, Cleveland Shaw, appeal from an order denying their motion to suppress marijuana found in an automobile owned by Cleveland and driven by George. We affirm.
Florida Highway Patrol Trooper Sellars stopped the appellants' station wagon for speeding while proceeding west on Interstate 10 in Jefferson County. The driver's license presented by George was in the name "John Paul Webb." Trooper Sellars had not received a response from the NCIC/FCIC computers by the time he had finished ticketing George for speeding. However, shortly after George, Cleveland and a third occupant of the station wagon were allowed to leave, Sellars received information that a John Paul Webb, whose description fit George, was wanted on federal warrants in New York for bribery of a U.S. Customs official and conspiracy to smuggle marijuana, and on a Florida warrant for indecent exposure in Broward County.
Sellars then overtook and stopped the station wagon, still being driven by George, approximately 15 miles down the highway from the initial stop and placed George under arrest on the above warrants. George was frisked, handcuffed and placed in the front seat of the patrol car. Trooper Stallworth then arrived on the scene to assist and was asked to check the other two occupants of the station wagon. At Stallworth's request, Cleveland and the other occupant exited the vehicle, Stallworth "patted" them down and had them step to the rear of the station wagon. The officers learned from George that one of his two companions was the owner of the vehicle. Cleveland then said that the vehicle belonged to him. Stallworth asked Cleveland if he would consent to a search of the vehicle. Stallworth advised Cleveland that if he did not wish to consent, they would try to obtain a search warrant. *978 Cleveland and the third occupant shrugged their shoulders and said that they did not care.
The search of the passenger compartment of the station wagon revealed two large, sealed U-Haul boxes which were situated in the back of the station wagon. After the officers received conflicting stories from the three occupants concerning the contents of the boxes, the officers proceeded to open them and discovered 102 pounds of marijuana. Cleveland and the third occupant were then arrested. It was not until later that the officers learned that George Shaw was not really John Paul Webb, the person whose name appeared on the driver's license produced by George.
In a brief order, the trial court denied the defendants' motion to suppress, citing as authority New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), and United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). The trial court further ruled that George lacked standing to contest the search.
On appeal, appellants contend that both appellants had standing to contest the search, that Cleveland's consent to search the vehicle was not a voluntary consent, and that the search of the vehicle was not a valid search incident to George's arrest since George had been handcuffed and placed in the officer's vehicle before the search was conducted.
We are of the view that the search of the boxes situated in the passenger compartment of the station wagon was a valid search incident to George's arrest under the Supreme Court's holding in New York v. Belton, supra. We, therefore, need not decide the issues as to: (1) whether George, who offered no evidence of any interest in either the vehicle or the boxes,[1] had the requisite standing under Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), and United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980), to object to the search (we will assume, without deciding, that George had standing), and (2) whether Cleveland's consent was voluntary (we will assume, without deciding, that this was not a valid consensual search).
Clearly, George was lawfully placed under arrest. Appellants do not contend otherwise. In Belton, the Supreme Court reversed the New York Court of Appeals which had held invalid a search of the defendant's jacket situated inside his automobile on the grounds that the defendant had been removed from his vehicle, that he was under arrest and being securely held in custody and that there was no longer any danger that he might gain access to the vehicle's contents. The Supreme Court, in reversing, stated:
While the Chimel case [Chimel v. California, 395 U.S. 752, 23 L.Ed.2d 685, 89 S.Ct. 2034] established that a search incident to an arrest may not stray beyond the area within the immediate control of the arrestee, courts have found no workable definition of "the area within the immediate control of the arrestee" when that area arguably includes the interior of an automobile and the arrestee is its recent occupant. Our reading of the cases suggests the generalization that articles inside the relatively narrow compass of the passenger compartment of an automobile are in fact generally, even if not inevitably, within "the area into which an arrestee might reach in order to grab a weapon or evidentiary ite[m]." Chimel, 395 U.S., at 763, 23 L.Ed.2d 685, 89 S.Ct. 2034 [2040]. In order to establish the workable rule this category of cases requires, we read Chimel's definition of the limits of the area that may be searched in light of that generalization. Accordingly, we hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.
It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger *979 compartment is within the reach of the arrestee, so also will containers in it be within his reach. United States v. Robinson [414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427], supra; Draper v. United States, 358 U.S. 307, 3 L.Ed.2d 327, 79 S.Ct. 329. Such a container may, of course, be searched whether it is open or closed, since the justification for the search is not that the arrestee has no privacy interest in the container, but that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have.
453 U.S. at 460, 461, 101 S.Ct. at 2864.
In Chapas v. State, 404 So.2d 1102 (Fla.2nd DCA 1981), the driver of an automobile was validly arrested for driving while intoxicated and placed in a police vehicle after which his car was searched. The Second District observed:
[T]he Supreme Court in the Belton case has foreclosed the option of determining on a case-by-case basis whether the interior of an automobile is within the scope of a search incident to arrest. We read Belton as establishing a rule applicable to all cases involving the arrest of a recent occupant of an automobile, without regard to the facts in the particular case.
404 So.2d at 1104. See also State v. Zimmerman, 413 So.2d 838 (Fla.1st DCA 1982) (defendant handcuffed and inside police car at time of vehicle search); Patterson v. State, 402 So.2d 1190 (Fla.5th DCA 1981); compare State v. Vanderhorst, 419 So.2d 762 (Fla.1st DCA 1982) (facts did not reveal that arrestee was recent occupant of vehicle).
The fact that George was the only one of the three who was under arrest at the time of the search does not make the search of the vehicle any less valid insofar as the rights of Cleveland and the third occupant are concerned. The lawful arrest of only one occupant will support a Belton search of the vehicle. Moreover, there is even greater justification for a protective search where the officers, at the time of the search, know that the arrestee's companions, with respect to whom no grounds then exist for arrest or further detention, will probably be allowed reentry into the passenger compartment of the vehicle with resultant access to any weapons which might be present. Cf. Michigan v. Long, ___ U.S. ___, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); Stevens v. State, 354 So.2d 110 (Fla.3rd DCA 1978); but cf. Dilyerd v. State, 444 So.2d 577 (Fla.5th DCA 1984).
AFFIRMED.
MILLS and SMITH, JJ., concur.
NOTES
[1] Neither defendant testified at the hearing on the motion to suppress.