PER CURIAM.
Appellant was charged by information with possession of cocaine. When his motion to suppress physical evidence failed, he pleaded nolo contendere, specifically preserving the right to appeal the denial of the suppression motion, which the trial court held to be dispositive. His plea was accepted and he was placed on probation. This appeal followed.
We approve and adopt the trial court’s original order, the material parts of which read as follows:
*1004 This action came before the Court upon the Defendant’s motion to suppress evidence seized from the Defendant’s automobile. The Court having heard the arguments and authorities of counsel finds as follows:
At approximately 10:00 P.M. on November 7,1986 the Defendant was pulled over for traffic violations. As the Defendant’s van was approached by the officer, the officer saw the Defendant place something in the console to the right of the driver’s seat as if he was trying to hide something down in the console. The officer had the Defendant step out of the vehicle and then he looked in the console area to make sure that there was not a weapon there. In doing so he found a cocaine rock in a small clear ziplock bag. The officer’s concern was that if the Defendant got back in the van that he would have access to a weapon if that was [what] had been placed in the console.
The motion to suppress claims that the officer lacked probable cause to search the vehicle.
I find that it is not necessary legally for the officer to have had probable cause. "... the search of the passenger compartment of a automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on specific and articulable facts which together taken with the rational inferences from those facts, reasonably warrant the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons.” Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469 [77 L.Ed.2d 1201] (1984) [(1983)]. In Michigan v. Long after making a traffic stop the officer saw a knife on the floor board and saw something by the arm rest of the front seat. He lifted up the arm rest and discovered drugs while the defendant was standing outside of the car. The seizure of the drugs was held to be proper. I find that given the totality of the circumstances the officer in today’s case had the reasonable belief required in Michigan v. Long. In other words when considering all the circumstances and weighing the officer’s personal security against the privacy rights of the Defendant I find that the balance weighs in favor of allowing the police to conduct this particular search which was of a limited area and for a specific purpose.
Once the officer discovered the illicit drugs he was authorized to seize them even though they were not weapons. Michigan v. Long, Florida Statute 901.-151(5), Dunn v. State, 382 So.2d 727 (Fla. 2 DCA 1980).
It is not important that the Defendant was outside of the car at the time the search was made since this was a traffic stop which meant that the Defendant was not going to be arrested and would be reentering the car. If there had been a gun or other weapon within reach then this would have made the driver (defendant) dangerous to the police officer. Michigan v. Long, Pennsylvania v. Mimms, 434 U.S. 106 [98 S.Ct. 330, 54 L.Ed.2d 331] (1977), State v. Brown, 395 So.2d 1202 (Fla. 3d DCA (1971) [sic: 1981].
For these reasons I find that the Defendant’s motion to suppress is hereby denied.
See also, Cheatem v. State, 416 So.2d 35 (Fla. 4th DCA 1982).
Accordingly, we affirm the order, but remand with direction that the printed subsequent form order actually being appealed properly reflect appellant’s plea to be nolo contendere.
HERSEY, C.J., and LETTS and GLICKSTEIN, JJ., concur.