GARRETT, Judge.
The state appeals the trial court’s granting of appellee’s motion to suppress physical evidence. We reverse.
Appellee made a telephone call to get help because he had been shot. Members of the Pompano Beach Police Department found him lying on the living room floor of his apartment. Appellee was transported to the hospital for treatment of his critical wounds. Detective Fowler, a 20 year police veteran, entered the apartment to investigate the shooting. Fowler learned that appellee told the police he had been shot by two unknown males. Fowler saw a bullet hole in living room wall and an “enforcer” (.30 caliber rifle with a pistol grip) on the floor. He also saw a .30 caliber spent cartridge and two 9 millimeter cartridges. There was blood on the telephone and trails of blood throughout the apartment. Inside one of the bedrooms, there was a locked strongbox on the bed, white powder on a dresser and a scale in the dresser drawer. Inside the other bedroom, Fowler found a locked safe and several rifles. White powder that Fowler suspected to be cocaine was on a toilet seat in a bathroom. Based on his observations and his past investigative experience, Fowler concluded that appellee had been the victim of a “drug rip-off” and took the strongbox, safe, rifles and cartridges into his custody for use as evidence to prove who shot appellee and the motive. Fowler decided to take the evidence to the police station rather than posting an officer to guard the *390 unoccupied apartment around-the-clock. At the police station, cobalt testing of the dial on the safe revealed the presence of cocaine. White powder that had inadvertently fallen out of the strongbox when handled at the police station also tested positive for cocaine. The next day Fowler obtained a search warrant to open the safe and strongbox and found that both contained a large quantity of cocaine. Appel-lee moved to suppress the contents and the trial judge found that:
[T]he State, having chosen to rely upon voluntary consent as the basis for the instant search, has failed to prove by a preponderance of the evidence, or by any standard, that [appellee] did voluntarily consent to the seizure of the closed containers in his apartment.
The trial judge granted the motion and held:
[T]he officers were justified in seizing any evidence or contraband within their 'plain view', but they were not justified in searching and/or seizing closed containers or concealed areas within the apartment.
THE SEIZURE
We believe that the trial judge misunderstood the consent issue. The state argued that appellee’s call for help constituted his consent for the officers to enter the apartment. That argument appears to have been successful as the trial judge upheld the seizure of “any evidence or contraband within ‘plain view’ [of the officers].” But the trial judge went further and tied the consent issue to the seizure of the safe and strongbox which we conclude did not depend on appellee’s consent. Fowler seized the safe and strongbox as evidence and for safekeeping. His “hunch” that the safe and strongbox were evidence of identity and motive did not have to be “correct or more likely true than false” to justify the seizure. See Texas v. Brown, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983). The facts available to him only had to have caused a person of reasonable caution to believe the safe and strongbox might be useful as evidence of a crime. Id. We believe that the evidentiary value of the safe and strongbox is obvious to any reasonable person. In addition, Fowler acted reasonably when he chose to take the safe and strongbox from the unoccupied apartment to the police station. He did not have to choose the impracticable alternative of posting an around-the-clock guard. See State v. Wells, 539 So.2d 464, 469 (Fla.1989) (police not compelled to provide an alternative to impoundment).
THE SEARCH
Fowler did not conduct a search when he had the safe dial cobalt tested. That testing, like dusting for fingerprints, looking through a magnifying glass, or shining a flashlight, merely enhanced the police’s “plain view” of the safe. See Brown, 460 U.S. at 739, 103 S.Ct. at 1541-42. Nor did a search occur when the white powder fell from the strongbox.
Fowler searched the safe and strongbox after he obtained the search warrant. His affidavit to the issuing “magistrate” established probable cause to search for evidence of possession of cocaine.
Accordingly, we reverse the trial court’s order of suppression and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
LETTS, and POLEN, JJ., concur.