633 So.2d 533 (1994)
STATE of Florida, Appellant,
v.
Daniel L. CARLEY, Appellee.
No. 92-02769.
District Court of Appeal of Florida, Second District.
March 11, 1994.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Helene S. Parnes, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Megan Olson, Asst. Public Defender, Bartow, for appellee.
PATTERSON, Judge.
This appeal arises from the order which grants the appellee's motion to suppress. The state argues that the appellee was not illegally detained, and therefore, evidence the officer found in plain view during the encounter *534 should not have been suppressed. We agree and reverse.
On September 26, 1991, Officer McAlevey was aware that several rental vehicles had been stolen from the airport when she spotted a van with a rental tag parked in the College Hill Housing Project at 3:30 a.m. She called for a backup and then approached the appellee as he got out of the van. She said, "I just need to speak with you in reference to this van," and asked the appellee for his driver's license.
The backup officer, Officer Morman, asked the appellee if he had rental papers for the van. The appellee stated that they were in the van and gave Morman his consent to get them. Morman shined his flashlight inside the vehicle and saw a sawed-off shotgun protruding from under the seat. He placed the appellee under arrest and found a shotgun shell in the appellee's right front pocket during a pat-down search.
The appellee was charged with possession of a short-barreled shotgun. He filed a motion to suppress, which the trial court granted on the ground that the evidence was found as a result of an illegal detention. We reverse since the officers and the appellee were involved in a consensual encounter, rather than a detention, when the sawed-off shotgun was discovered in plain view.
An officer does not need a founded suspicion of criminal activity to approach and talk to someone. State v. Raines, 576 So.2d 896 (Fla. 2d DCA 1991). The officers' actions of asking the appellee about the vehicle and for his driver's license and rental papers did not transform the encounter into a stop. See State v. Starke, 574 So.2d 1214 (Fla. 2d DCA 1991). "[W]hile most citizens respond to a police request, the fact that they do so without being told they are free not to respond does not eliminate the consensual nature of their response." State v. Simons, 549 So.2d 785, 787 (Fla. 2d DCA 1989).
Officer Morman received the appellee's consent to find the registration papers in the van. From outside the van, he saw the gun protruding from underneath the seat where the appellee had been sitting. The officer's use of the flashlight did not violate constitutional principles. Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983); State v. Ecker, 550 So.2d 545 (Fla. 2d DCA 1989). It merely enhanced the officer's "plain view" of the gun. See State v. Heiser, 583 So.2d 389 (Fla. 4th DCA), review denied, 593 So.2d 1052 (Fla. 1991). Once the gun was found, the officers were entitled to search the appellee incident to his arrest. Thus, the evidence was legally obtained during the encounter and should not have been suppressed.
Reversed and remanded.
HALL, A.C.J., and PARKER, J., concur.