662 So.2d 725 (1995)
STATE of Florida, Appellant,
v.
Clifton T. SMITH, Appellee.
No. 95-00545.
District Court of Appeal of Florida, Second District.
October 25, 1995.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Karen Kinney, Assistant Public Defender, Bartow, for Appellee.
LAZZARA, Judge.
The state appeals the trial court's order granting the appellee's motion to suppress contraband found in a black bag on the front seat of a parked automobile he had been driving following the arrest of the automobile's front-seat passenger. We conclude that the trial court erred in not applying the "straightforward rule" of New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), which governs the lawfulness of a contemporaneous search of the passenger compartment of an automobile subsequent to a lawful custodial arrest of an occupant of that automobile. Accordingly, we reverse and remand for further proceedings.
As established at the suppression hearing, the critical facts necessary to our resolution of this case are as follows. The appellee, Clifton Smith, was the driver of an automobile occupied by a front-seat passenger. After parking the automobile in a motel parking lot, the appellee, and later his passenger, were the subjects of consensual police encounters.[1] During the course of the *726 passenger's encounter, a police officer determined that there were two outstanding felony warrants for his arrest. The officer placed the passenger under arrest, removed him from the front passenger seat, and placed him in a police cruiser. The officer then advised the appellee he was going to search the automobile as an incident to the passenger's arrest and asked him to remove himself from the vehicle. The appellee complied by exiting from the driver's seat and, in the process, left behind a black bag on the seat. During the course of the search, the officer checked inside the black bag and discovered a quantity of cocaine. He then arrested the appellee.
In Belton, the Supreme Court fashioned a "bright-line rule" governing the search of an automobile incident to a valid arrest. It held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." 453 U.S. at 460, 101 S.Ct. at 2864 (emphasis added). The Court also concluded that the scope of such a search could extend to an examination of "the contents of any containers found within the passenger compartment." Id. We find significant, and thus have underscored, the Court's use of the all-encompassing term "occupant" which to us denotes anyone within an automobile, not just the driver.
The trial court, however, engaged in a fact-specific analysis in an attempt to distinguish Belton from the facts of this case. It then concluded that there was not a sufficient nexus between the arrest of the passenger and the subsequent search of appellee's automobile and granted the motion to suppress. In doing so, the trial court expressed some concern that the Court in Belton did not anticipate a factual setting in which the arrest of a passenger would be the only justification to sustain the search of a driver's automobile.[2] Although we share this same concern, we must respectfully disagree with the trial court's analysis in light of our decision in Chapas v. State, 404 So.2d 1102 (Fla. 2d DCA 1981).
We followed Belton in Chapas. While we expressed some slight disagreement with the application of its "straightforward rule" to all cases, including Chapas's, we stated our belief that:
[T]he Supreme Court in the Belton case has foreclosed the option of determining on a case-by-case basis whether the interior of an automobile is within the scope of a search incident to arrest. We read Belton as establishing a rule applicable to all cases involving the arrest of a recent occupant of an automobile, without regard to the facts in the particular case.

404 So.2d at 1104 (emphasis added). See also State v. Zimmerman 413 So.2d 838, 839 (Fla. 1st DCA 1982) ("We read the Belton case as precluding a case-by-case determination as to whether the interior of an automobile is within the scope of a search incident to arrest."), review denied, 450 So.2d 489 (Fla. 1984).
We have since applied this analysis to sustain the search of a passenger's purse found on the floor of an automobile following the arrest of the driver, despite the absence of consent to search on the part of the passenger. State v. Moore, 619 So.2d 376 (Fla.2d DCA 1993). We see no reason why such an analysis should not govern the disposition of this case, even though it involves an automobile search following the arrest of a passenger-occupant as opposed to a driver-occupant. See Shaw v. State, 449 So.2d 976, 979 (Fla. 1st DCA 1984) ("The lawful arrest of only one occupant will support a Belton search of the vehicle."); accord Moreland v. State, 552 So.2d 937 (Fla. 2d DCA 1989), review denied, 562 So.2d 346 (Fla. 1990).
Accordingly, based on Belton, we conclude that the valid arrest of the passenger in *727 appellee's automobile justified the police officer's contemporaneous search of the automobile's interior, as well as appellee's black bag, and the seizure of the contraband contained in that bag. We, therefore, reverse the trial court's order suppressing this evidence and remand for further proceedings.
Reversed and remanded for further proceedings.
SCHOONOVER, A.C.J., and WHATLEY, J., concur.
NOTES
[1] We note that, although raised in the motion to suppress, the appellee did not argue to the trial court that he was the subject of an illegal police detention. Instead, his only argument, which the trial court accepted, was that there was no nexus between the passenger's arrest and the search of the automobile. In any event, we determine that the record amply supports a conclusion that a consensual encounter occurred in this case. See State v. Mitchell, 638 So.2d 1015 (Fla. 2d DCA 1994); State v. Carley, 633 So.2d 533 (Fla. 2d DCA 1994).
[2] The state conceded at the hearing that there was no probable cause to search the automobile.