PER CURIAM.
The State appeals from the circuit court’s order granting appellee’s motion to suppress evidence seized on December 1, 2005, during the search of a vehicle driven by appellee. The State argues that the search of the vehicle’s passenger compartment was legal because it was incident to the lawful arrest of a passenger of the vehicle. We agree and reverse.
Only one witness testified at the suppression hearing in this case. Deputy United States Marshal Dwayne Johnson testified that he is a member of the Fugitive Apprehension Strike Team, or “FAST,” a multi-agency task force charged with apprehending fugitives within 12 Florida counties. FAST had received a tip that a fugitive named Michael Callaway had fled the city of St. Augustine and relocated to a residence in Jackson *73 ville, Florida. St. Augustine officials had an outstanding warrant for Callaway’s arrest.
Deputy Johnson was one of the first members of FAST to arrive at the residence for surveillance. After approximately 15 to 30 minutes, appellee arrived at the residence driving a Chevy Impala. Appellee entered the residence under surveillance. After about 15 to 20 minutes, appellee, Callaway, and another unidentified man exited the residence and got into the vehicle, with appellee driving and Cal-laway as the front-seat passenger.
Deputy Johnson and other members of FAST followed the Impala. However, before the Impala could be pulled over, ap-pellee unexpectedly parked the car, and the unidentified passenger exited the vehicle and entered a post office. Callaway was still seated in the front passenger seat. Appellee then exited the driver’s side of the car and started walking back towards Deputy Johnson’s vehicle. Members of FAST, not knowing appellee’s intentions, emerged from their vehicles and handcuffed both appellee and Callaway. Appellee was set, in handcuffs, against the Impala.
Callaway was arrested after his identity was confirmed by both appellee and identification found in Callaway’s pocket. Deputy Johnson confirmed there were no outstanding warrants for appellee. It was discovered that the Impala was not registered to appellee, however, Johnson made some checks and verified appellee’s story that he was in possession of the vehicle to perform detailing work for a friend.
Deputy Johnson performed a search of the passenger compartment of the vehicle, and discovered a small duffel bag on the floor board behind the driver’s seat. Johnson opened the bag which contained marijuana, cocaine, a scale, and a t-shirt which was the same color, size, and had the same advertising on it as the one ap-pellee was wearing. Appellee was then arrested for drug possession. It is undisputed that Johnson did not have a warrant or consent to search either the vehicle or the bag.
The State argues that New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), is controlling. Belton held “that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.” Id. at 460, 101 S.Ct. 2860. Additionally, “the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arres-tee, so also will containers in it be within his reach.” Id. This is a bright-line rule which does not depend on reasonable suspicion of criminal activity or probable cause. State v. Gilbert, 894 So.2d 1055, 1056-57 (Fla. 1st DCA 2005). “This rule is based on the need to remove any weapons and to preserve any evidence that might be in the vehicle.” Id. at 1057. The authority to conduct a search does not depend on a trial court’s subsequent determination that weapons or evidence will likely be found in the car. “As long as the arrest itself is lawful, no additional justification is required for a search incident to the arrest.” Id.
In this case, it is undisputed that Calla-way was a passenger in appellee’s vehicle immediately before his arrest, and that Callaway was legally arrested pursuant to a warrant. Accordingly, it was legal to undertake a search of the passenger compartment of the vehicle and any containers therein pursuant to Belton. See State v. Smith, 662 So.2d 725 (Fla. 2d DCA 1995) (ruling that where the police had a warrant *74 to arrest the passenger, the subsequent search of the vehicle, driven by the appel-lee, and the search of appellee’s black bag, left behind in the vehicle, were legal).
Because the lawful arrest of only one occupant will support a Belton search, the search of the vehicle’s passenger compartment is not rendered invalid where law enforcement had no reason to arrest or detain appellee, the vehicle’s driver, at the time of the search. See Shaw v. State, 449 So.2d 976, 979 (Fla. 1st DCA 1984) (noting, “there is even greater justification for a protective search where the officers, at the time of the search, know that the arrestee’s companions, with respect to whom no grounds then exist for arrest or further detention, will probably be allowed reentry into the passenger compartment of the vehicle with resultant access to any weapons which might be present”).
The search of the vehicle’s passenger compartment and the duffel bag were legal pursuant to the bright-line rule established in Belton. Therefore, we reverse the trial court’s order, and remand for further proceedings.
REVERSED and REMANDED.
BARFIELD, BENTON, and POLSTON, JJ., concur.