MORROW, R. O., Associate Judge.
The appellant, defendant below, appeals from a judgment rendered against it by the Court, sitting as judge and jury of a controversy arising out of contracts with the appellee concerning certain time payment agreements. The appellant corporation sold to various motels massage mattresses at a stipulated price per mattress, payable in 36 monthly payments. The appellant thereafter sold its interest in these time payment agreements to the appellee and guaranteed prompt payment to the appellee of the obligations under said agreements. At the time of the assignments of appellant’s interest to the appellee, there was an oral agreement to the effect that the appellee purchased said agreements, less financing charges and less ten percent of the lease value of each mattress, which ten percent yould be retained by appellee as a reserve account. In event of default on any of said agreements, credit was to be granted the appellant from the reserve account. It was further orally agreed that all reasonable efforts to collect the amount of any default agreement would be made, and that the reserve account would be completely exhausted before recourse were had against the appellant on its guarantee.
After the above oral agreements were made, the stockholders of the appellee company exchanged their stock for that of General Finance Corporation, which thereafter operated the appellee company as a wholly-owned subsidiary. Thereafter the appellee company, operating as a subsidiary, brought suit on defaulted agreements against the appellant on its guarantee. There was no notice given to General Finance Corporation, the new owners of the appellee company, of the existence of the oral agreement, with reference to the application of the funds in said reserve account, nor was there anything in the corporate minutes or records of the appellee company with reference thereto.
The main question presented is whether or not the appellee company (being in effect a new company, after the exchange of stock) is bound by the oral agreement with reference to the application of the reserve account funds, where there is no knowledge or notice of such oral agreement in the new company. The trial Court correctly held that the new company was not bound by said oral agreement. It is pointed out that this is not a case of a new corporation assuming and agreeing to pay unknown obligations of the predecessor corporation, nor is it a case of merging the assets and liabilities of an insolvent corporation into the new corporation.
The oral agreement not being binding, the question then arises as to whether or not the finding of the trial Court that the appellee company was entitled to 21 percent of the reserve account, was error. The trial Court found that the reserve account was set up to service defaulted agreements. There is no evidence of any binding agreement to the effect that a fixed percentage of the reserve account should be applied to any defaulted agreement. As sole trier of *816 the facts, it was within the province of the trial judge to determine, among other things, the number of agreements to be serviced by the reserve account and the manner in which the reserve account was to be used. It has not been made to appear that the finding and judgment of the trial Court are not in accord with the credible evidence before him. Finding no error in the judgment from which appeal is taken, said judgment is affirmed.
Affirmed.
SHANNON, C. J., and ALLEN, J., concur.