413 So.2d 838 (1982)
STATE of Florida, Appellant,
v.
Arthur David ZIMMERMAN, Appellee.
No. AG-308.
District Court of Appeal of Florida, First District.
May 10, 1982.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellant.
Carl S. McGinnes, Asst. Public Defender, for appellee.
BOOTH, Judge.
The State appeals an order suppressing physical evidence seized from appellee, alleging that the search of appellee's motorcycle and the articles found thereon which produced the cannabis was constitutionally permissible. We agree and reverse.
Appellee and a companion cyclist were stopped[1] by several officers because the motorcycles upon which they were riding met a description which Officer Swatt had received earlier that day concerning two murder suspects who were believed to be armed. Appellee and his companion were ordered at gunpoint to keep their hands *839 raised and were placed in the middle of a semi-circle formed by patrol cars, approximately ten to fifteen feet away from the motorcycles. They were subjected to a patdown search, handcuffed, advised of their Miranda rights, and placed in a patrol car. During that course of events, Officer Swatt walked over to the motorcycles and smelled the odor of marijuana emanating therefrom. The officer proceeded to search a flannel shirt which was rolled up and attached to appellee's motorcycle with an elastic bundle cord. Within a plastic baggie which was within a grocery bag which was within the flannel shirt, the officer discovered marijuana. It is that evidence which the trial judge suppressed on the authority of Robbins v. California,[2] 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981).
The State contends that the search was constitutionally permissible under the rationale enunciated in New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). We agree with that contention. In Belton, the Supreme Court set forth the "straightforward, workable rule" that the scope of a search incident to arrest includes the interior passenger compartment of an automobile[3] and the articles found therein where the arrestee is the recent occupant thereof. As that court noted:
When a person cannot know how a court will apply a settled principle to a recurring factual situation, that person cannot know the scope of his constitutional protection, nor can a policeman know the scope of his authority. While the Chimel case established that a search incident to an arrest may not stray beyond the area within the immediate control of the arrestee, courts have found no workable definition of the "area within the immediate control of the arrestee" when that area arguably includes the interior of an automobile and the arrestee is its recent occupant. Our reading of the cases suggests the generalization that articles inside the relatively narrow compass of the passenger compartment of an automobile are in fact generally, even if not inevitably, within "the area within which an arrestee might reach in order to grab a weapon or evidentiary item." Chimel, supra, at 763. In order to establish the workable rule this category of cases requires, we read Chimel's definition of the limits of the area that may be searched in light of that generalization. Accordingly, we hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.
We read the Belton case as precluding a case-by-case determination as to whether the interior of an automobile is within the scope of a search incident to arrest. Chapas v. State, 404 So.2d 1102 (Fla. 2d DCA 1981).
Accordingly, we conclude that the search of the articles strapped to appellee's motorcycle was a constitutionally permissible search incident to a lawful custodial arrest and REVERSE.
SHIVERS and JOANOS, JJ., concur.
NOTES
[1] The validity of the stop was not an issue before the trial court.
[2] In Robbins, the court specifically noted that the State did not argue the possible applicability of the search incident to arrest exception to the Fourth Amendment's warrant requirement.
[3] We consider the area of the motorcycle searched to be within the "passenger compartment" for purposes of applying the Belton decision to the case sub judice.