416 So.2d 488 (1982)
Jerry Lee GRIMES, Appellant,
v.
STATE of Florida, Appellee.
No. WW-431.
District Court of Appeal of Florida, First District.
June 28, 1982.
Ray Sandstrom of Sandstrom & Haddad, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Appellant appeals his conviction for possession of more than 100 pounds but less than 2,000 pounds of marijuana. Among other points raised on appeal, appellant contends *489 the trial court erred in not suppressing as evidence the marijuana found in his van. We affirm.
Appellant, driving his van, passed the Hamilton County Agricultural Inspection Station without stopping.[1] Further down the highway, appellant had stopped to buy gasoline when a uniformed agricultural inspector driving an official car with a blue flashing light pulled up behind him. The inspector identified himself and told appellant he had come through the inspection station without stopping and asked appellant if he could see in the back of his van. Appellant then responded affirmatively, opening the back door of the van. The inspector testified that when the door was opened, "I saw bales of something wrapped up in burlap bags and plastic all up in back of the van." (It later developed that these were 24 bales or packages of marijuana.) The inspector testified that he then examined appellant's driver's license and asked him to drive back to the inspection station, which appellant did. At the station, appellant again opened the back of the van upon request, and Deputy Sheriff Pease was called. Pease testified that upon approaching the van, he detected a very strong odor of marijuana and that the cargo area of the vehicle was for all purposes full of these large bags. He was qualified as to his familiarity with the odor of marijuana, testifying that he had previously had occasion to view marijuana in excess of 45 times. Inspector Pease then slit one of the bags with a knife, removed a green, grassy-like substance which he smelled, and advised appellant he was under arrest for possession of marijuana.
Appellant contends the search of his van and the opening of one of the bags of marijuana was an unreasonable search. We disagree. Considering the evidence in the light most favorable to the ruling of the trial court, which we must do, appellant consented to the opening of his van. Although he did not consent to opening one of the plastic bags, Deputy Pease, upon noticing the strong smell of marijuana, had probable cause to believe the vehicle contained marijuana. Having probable cause to search the vehicle for marijuana, the officer had authority to open the plastic bags contained therein. United States v. Ross, ___ U.S. ___, 102 S.Ct. 2157, 72 L.Ed.2d ___; State v. Zimmerman, 413 So.2d 838 (Fla. 1st DCA 1982), 7 F.L.W. 1023.
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and SHIVERS, J., concur.
NOTES
[1] Section 570.15(2), Florida Statutes (1979), makes it a misdemeanor of the second degree for any truck to pass any official road guard inspection station without first stopping for inspection.