419 So.2d 762 (1982)
STATE of Florida, Appellant,
v.
Peter C. VANDERHORST, Appellee.
No. AK-45.
District Court of Appeal of Florida, First District.
September 22, 1982.
*763 Jim Smith, Atty. Gen., Tallahassee, and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellant.
William J. Sheppard, Jacksonville, for appellee.
ERVIN, Judge.
The state appeals the trial court's order granting the defendant/appellee's motion to suppress narcotic contraband seized from a lunchbox on the floor of appellee's vehicle at the time of his arrest for driving while intoxicated. We affirm.
Appellee was arrested at 6:30 a.m. on December 1, 1981, at the scene of a minor one-car accident which occurred at approximately 4:00 a.m. when he swerved to avoid hitting a dog. As a result of appellee's evasive action, his car became stuck in the mud, and appellee was forced to walk three miles to his home, returning later to the scene of the accident with a friend in the latter's four-wheel drive vehicle. The two men were attaching a tow rope to the two vehicles when an officer of the Jacksonville Sheriff's Office appeared on the scene. While questioning appellee, the officer observed that his speech and balance were impaired and that he smelled slightly of alcohol. A field sobriety test was administered, and its results led to appellee's arrest for driving while intoxicated (DWI). Appellee was taken into custody and locked in the back of the officer's patrol car. The officer then entered appellee's automobile and conducted a search of its interior. Seeing on the floor a closed lunchbox, the officer opened it and found within it four white tablets believed by him to be quaaludes. No attempt was made to secure a search warrant prior to the search of the car, nor to obtain appellee's consent. The car was locked, and appellee was permitted to leave it at the scene.[1]
Appellee was later charged in a single-count information with possession of methaqualone in violation of Sections 893.03(2)(c) and 893.13(1), (3), Florida Statutes (1981). No charge was filed as to the DWI arrest.[2] Following a hearing on the motion to suppress, the trial court ordered the suppression.
Although the order does not state findings of fact or conclusions of law, appellant argued at the suppression hearing below and reiterates on appeal that New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 *764 L.Ed.2d 768 (1981), states a controlling rule of law that would validate the search as it recognizes that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile ... [and] may also examine the contents of any containers found within the passenger compartment... ." 453 U.S. at 460, 101 S.Ct. at 2864, 69 L.Ed.2d at 775 (e.s.). We consider Belton to be inapplicable to the factual pattern before us in that Belton emphasizes that the area of the automobile which may be permissibly searched is the area within the immediate control of the arrestee. The Belton rule's purpose was simply to extend the Chimel rule (Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969)) to automobiles.
Chimel's justification for permitting an arresting officer to conduct a warrantless search "of the arrestee's person and the area within his immediate control" was to deter any attempt made by the arrestee to remove any weapons that he might use in order to effect his escape, as well as prevent the concealment or destruction of evidentiary items. 395 U.S. at 762-763, 89 S.Ct. 2034, at 2039-2040, 23 L.Ed.2d 685. Because Belton incorporated within its opinion that language from Chimel limiting the scope of an officer's search which is reasonably incident to a lawful arrest, it follows that unless the arrestee was himself a recent occupant of the vehicle, the Belton rule has no applicability. See 453 U.S. at 457, 101 S.Ct. at 2862, 69 L.Ed.2d at 773. So, if the facts do not reveal that the arrestee was a recent occupant, it is improper to extend the search beyond that of the "immediately surrounding area" of the person arrested.
Such is the situation here. The record discloses that appellant had not been within his car for approximately two and one-half hours before he was taken into custody. Thus, as applied to the facts before us, the justification for the Belton/Chimel rationale collapses since there was simply no area within the automobile which the arrestee might reach in order to gain possession of a weapon or destructible evidence. Contrast the facts in Chapas v. State, 404 So.2d 1102 (Fla. 2d DCA 1981), and State v. Zimmerman, 413 So.2d 838 (Fla. 1st DCA 1982), where searches of vehicles were sustained in which the arrestees had been recent occupants.
Accordingly, we hold on the facts presented, consideration of the applicability of any "straight-forward, workable rule," as espoused in Belton, is precluded here because appellee was not a recent occupant of the vehicle searched.
AFFIRMED.
McCORD and JOANOS, JJ., concur.
NOTES
[1] No issue of an inventory search was raised before the trial court.
[2] The validity of that arrest was not an issue before the trial court.