BARKDULL, Judge.
The appellant, as plaintiff, brought a suit to collect an account receivable. The appel-lee, defendant, filed a counterclaim seeking relief in the nature of an antitrust violation or an agreement to repurchase merchandise. The cause proceeded to a jury trial and resulted in a verdict for the plaintiff on its complaint and verdict for the defendant on its counterclaim. The verdict for the plaintiff was in the sum of $71,159.55 with the following language having been added by the jury:
“To be paid by Defendant with electronic tubes received from Plaintiff and now held by Defendant. Value will be established at original purchase price.”
This verdict was subsequently approved by the trial court with the final judgment in accordance with the terms thereof. The verdict on the counterclaim was in the amount of $250,000.00 and a final judgment in accordance with this verdict was entered for this amount.
On appeal the appellants contend, first, that the trial court erred in approving the gratuitous language attached to the jury verdict in its favor, which was incorporated in the final judgment, second, that the trial court erred in finding that it had subject matter jurisdiction of an alleged antitrust violation and lastly that the trial court erred in certain rulings relating to discovery and compliance with a pretrial order.
We affirm the judgment on the original complaint in the amount of $71,159.55 but strike therefrom the language:
“To be paid by Defendant with electronic tubes received from Plaintiff and now held by Defendant. Value will be established at original purchase price.”
Turning now to the judgment of the counterclaim we reverse, first, because the damages sought were recovered under a theory that would be supportable only as an antitrust violation, which is the exclusive jurisdiction of the federal courts, International Ladies Garment Workers Union v. Scherer & Sons, Inc., 132 So.2d 359 (Fla. 3d DCA 1961), approved Scherer & Sons, Inc. v. International Ladies Garment Workers Union, 142 So.2d 290 (Fla.1962); Freeman v. Bee Machine Company, Inc., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943); Blumenstock Brothers Advertising Agency v. Curtis Publishing *833 Company, 252 U.S. 436, 40 S.Ct. 385, 64 L.Ed 649 (1920), and second, because the evidence fails to establish a clear undertaking on the part of the appellant of the responsibilities and obligations of a previous supplier of merchandise to the appel-lee. White v. Exchange Corporation, 167 So.2d 324 (Fla. 3d DCA 1964); Pulsnation Enterprises, Inc. v. Appliance Plan Company, 141 So.2d 814 (Fla. 2d DCA 1962).
Therefore for the reasons above stated the final judgment in favor of the plaintiff is affirmed with directions to the trial court to eliminate the surplus language.
Affirmed in part and reversed in part.