470 So.2d 1 (1984)
Rufus WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. AX-97.
District Court of Appeal of Florida, First District.
December 14, 1984.
J. Craig Williams of Williams & Stapp, Jacksonville, for appellant.
Jim Smith, Atty. Gen., Barbara Ann Butler, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Appellant appeals the denial of his motion to suppress, which denial he specifically reserved the right to appeal when he entered a plea of nolo contendere to a charge of grand theft. Appellant contends that the evidence seized by the Jacksonville police cannot be used against him because his consent to a search of his business premises was not freely and voluntarily given, thereby rendering the search illegal. We disagree.
The officer who conducted the search, Detective Usry, testified at the motion to suppress hearing that he and Detective Adams went to appellant's diner to check out an informant's report that appellant had purchased a stolen microwave and was using it on the premises. Both Usry and appellant testified that when Usry asked to look around, appellant responded in the affirmative. Appellant contends that this search was illegal because he did not know he had the right to refuse the search and only consented because he thought he had no choice.
The warrant requirement of the Fourth Amendment may be waived by voluntary consent to search. Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973). That consent must be established by clear and *2 convincing evidence. Bailey v. State, 319 So.2d 22, 27 (Fla. 1975). Although knowledge of the right to refuse a search without a warrant is a factor to be considered in evaluating the evidence, there is no legal requirement that a suspect be informed of that right. Schneckloth, supra, at 227, 93 S.Ct. at 2047; Bailey, supra, at 27.
The trial court's ruling on a motion to suppress comes to this court with a presumption of correctness. We should interpret the evidence and all reasonable inferences and deductions derived therefrom in a manner most favorable to sustain the trial court's ruling. McNamara v. State, 357 So.2d 410 (Fla. 1978). In so doing, we conclude that the trial court was correct in denying appellant's motion to suppress.
AFFIRMED.
MILLS and WENTWORTH, JJ., concur.