## STATE OF FLORIDA v CONROY
### Case No. 85-873-B
First Judicial Circuit, Escambia County
July 24, 1985

## OPINION OF THE COURT

NICHOLAS GEEKER, Circuit Judge.

This cause is before the Court pursuant to notice and evidentiary hearing upon defendant's motion to suppress evidence of a quantity of cocaine seized as a result of a warrantless search of a rental automobile driven and occupied by defendant. The historical facts relevant to disposition of defendant's motion may be chronicled as follows:

Defendant was observed at 2:55 p.m. on February 9, 1985, travelling at an unlawful speed west-bound on Interstate 10, by Trooper Stallworth. Defendant was followed a short distance and eventually stopped by Trooper Stallworth. Upon stopping defendant and citing him for unlawful speed, Trooper Stallworth's suspicions were aroused for the reasons: When queried by Trooper Stallworth, defendant had explained he was from California and had been to Miami, Florida, from where he had departed the afternoon before. The defendant further explained

that his "uncle" had rented the vehicle for him so that defendant could travel to Texas to participate in a volleyball match. Trooper Stallworth noticed that the tag on defendant's automobile did not bear a "Z" prefix which would connote that it was a rental vehicle. During this exchange Trooper Stallworth noticed that defendant was becoming nervous. At this time Trooper Stallworth was also examining the rental agreement and noted that the automobile driven by defendant was in the name of another person who resided in Miami, Florida, ostensibly the "uncle" to whom defendant had earlier referred. When Trooper Stallworth asked defendant the name of his "uncle" and his address, defendant could not provide this information. At this point, Trooper Stallworth suspected that either the automobile was stolen or was somehow involved in other criminal activity.

Based on these circumstances, Trooper Stallworth requested permission to search the interior of defendant's automobile. Defendant acquiesced to this search of the automobile's interior even though the testimony is in conflict whether defendant affirmatively stated to the officer in specific terms that he had approval to search. The warrantless search of the vehicle's interior yielded no contraband or other incriminating evidence. Trooper Stallworth next requested permission to search the trunk of the automobile and defendant stated he knew nothing about the trunk's contents without saying more. Given that response, Trooper Stallworth removed the keys from the ignition, opened the trunk and discovered a valise with defendant's initials on its exterior. A search of the valise disclosed a wrapped, opaque package containing approximately one pound of cocaine. Defendant was placed under arrest for trafficking in cocaine.

These facts as recited above are detailed in light of facts and inferences most favorable to the State and in light of credibility choices the Court has been required to make and has resolved in favor of the State. *Wilson v. State*, 470 So.2d 1 (Fla. 1st DCA 1984).

## STANDING TO CONTEST SEARCH

Based on recent pronouncements contained in *United States v. Salvucci*, 448 U.S. 83 (1980) and *Rakas v. Illinois*, 439 U.S. 128 (1978), the State asserts defendant lacks standing to contest the search of the trunk's contents in light of the apparent disavowal he made to Trooper Stallworth preceding the search of the trunk. See e.g. *United States v. Hawkins*, 681 F.2d 1343 (11th Cir. 1982).

In this proceeding defendant denied he made any disclaimer to Trooper Stallworth. The authority of *Hawkins*, supra and *United States v. Canady*, 615 F.2d 694 (5th Cir. 1980) offered as supporting author-

**149**

ity appear distinguishable. The disclaimer made by defendant was not as direct as in the cited cases, i.e., ownership interests in the suitcases involved were disclaimed as opposed to knowledge of the trunk's contents in this case. Furthermore, Judge Roney remarked in *Hawkins*, supra, that "a disclaimer . . . is not necessarily the hallmark for deciding the substance of a fourth amendment claim." *Id*. at 1346. Unlike those cited cases there are not present *sub judice* other corroborating circumstances to show an unequivocal abandonment of a claim of privacy interest to the suitcase in the trunk. C.f. *Shaw v. State*, 449 So.2d 976 (Fla. 1st DCA 1984).

## CONSENT TO SEARCH

The Court has resolved the credibility choices to be made and conflicts in the testimony in the State's favor. The Court concludes that defendant consented to a search of his vehicle. *Alzate v. State*, 446 So.2d 331 (Fla. 3rd DCA 1985). The Court finds persuasive, under the totality of the circumstances present, the disclaimer by defendant of any knowledge of the trunk's contents which the searching officer rightly understood as permission to continue his search to the trunk's interior. *Alvarado v. State*, 466 So.2d 335, 337 (Fla. 2d DCA 1985). See also *State v. Funksman*, 468 So.2d 1067, 1069 (Fla. 3rd DCA 1984). Under either "a greater weight of the evidence" standard or a "clear and convincing evidence" standard, this Court finds the State has carried its burden of showing a free and voluntary consent to search of the automobile. Likewise, the Court follows the rationale of *State v. Wargin*, 418 So.2d 1261 (Fla. 4th DCA 1982) in sustaining the warrantless search of defendant's luggage in the trunk based on the threshold conclusion that a voluntary consent was given to search the trunk.

This Court further finds that there is no evidence to support defendant's contentions that his stop and detention by Trooper Stallworth was done as a "pretext" to conduct or induce a search of defendant's automobile. Compare, *Florida v. Royer*, 460 U.S. 491 (1983); *Delaware v. Prouse*, 440 U.S. 648 (1979). In this regard, Trooper Stallworth acted properly. *State v. Walden*, 464 So.2d 691 (Fla. 5th DCA 1985).

## PROBABLE CAUSE TO SEARCH

Finally, the Court has considered the totality of the circumstances surrounding defendant's detention and subsequent arrest and finds that Trooper Stallworth possessed probable cause for the warrantless search of defendant's automobile. Certainly, the nervousness exhibited by

150

defendant and his inability to recall pertinent data about his "uncle" who had rented the vehicle could constitute a portion of the probable cause make-up articulated by Trooper Stallworth. *Jetmore v. State*, 275 So.2d 61 (Fla. 4th DCA 1973). Furthermore, Trooper Stallworth at first suspicioned that the vehicle may have been stolen since the vehicle's tag number did not on its face connote it was a rental vehicle as explained by defendant. Subsequent inquiry and discussion with defendant disclosed these other additional facts: defendant had arrived in Miami from California for a volleyball match the previous day only to learn it had been rescheduled in Texas; unable to afford transportation to Texas, defendant's "uncle" arranged for rental of an automobile to transport defendant to Texas; defendant did not know the identity of the person whom he was to meet when he arrived in Texas. This vague explanation coupled with the officer's own knowledge that illicit drugs regularly move via automobile from Miami along this principal east-west artery of I-10 to states west of Florida led Trooper Stallworth to believe that contraband was contained in defendant's vehicle justifying its warrantless search. Such information within the officer's special knowledge can be included in his probable cause make-up. See e.g. *State v. Jordan*, 458 So.2d 831 (Fla. 3rd DCA 1984); *P.L.R. v. State*, 455 So.2d 363 (Fla. 1984). The warrantless search of defendant's vehicle and the contents of its trunk was based on probable cause and therefore justified. *United States v. Ross*, 456 U.S. 798 (1982); *State v. Wargin*, supra; *Grimes v. State*, 416 So.2d 488 (Fla. 1st DCA 1982).

Accordingly, it is

ORDERED that defendant's motion to suppress be and the same is hereby denied.