SHIVERS, Chief Judge.
This appeal is from a denial of a motion to suppress evidence. We affirm.
Police officer Barton stopped Harden for speeding. Harden got out of his car and walked back to Barton. Barton ran a license check on Harden, and he arrested Harden for driving with a suspended license and expired tag. Barton and Harden agreed that Harden’s car would remain on the side of the road until Harden could contact someone to pick it up. Barton called for a backup cruiser. According to Barton, it took the cruiser “quite a while” to arrive; and during that time Harden asked permission to exchange his jacket for one in his car. Barton saw Harden make movements indicating Harden dropped *401 something between the seats while exchanging jackets. The backup cruiser arrived and Harden was placed inside the cruiser. Barton then conducted a warrant-less search of Harden’s car and seized drugs in a metal nonprescription medicine container found between the seats. He also seized prescription pill bottles from the glove compartment and dashboard. Barton testified he allowed Harden to exchange jackets because “I didn’t believe [Harden] was a risk to my safety at that point or anything like that.” Barton also testified his intention while searching the car was to secure it in case Harden discarded a gun between the seats. Harden filed a motion to suppress, which was denied. He pled nolo contendere to two counts of possession of a controlled substance and specifically reserved the right to appeal the denial of his motion to suppress.
“[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile [and] may also examine the contents of any containers found within the passenger compart-ment_” New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981). The Supreme Court also held the rule applies to containers which could not hold a weapon or evidence of the criminal conduct for which the suspect was arrested. Id. Harden argues Belton is inapplicable to this case because of the length of time that passed between the arrest and the search and because Harden had not recently exited his car when it was searched. In State v. McLendon, 490 So.2d 1308 (Fla. 1st DCA 1986), this court upheld the validity of a vehicle search incident to lawful arrest where there was evidence that three minutes elapsed between appellant’s arrest and the search.
To distinguish between arrests of persons in the car from arrests of persons recently vacating the car serves to severely diminish the purpose of the Bel-ton decision. Once again, case-by-case determinations would be required, this time with regard to whether an arrestee was a recent occupant. We decline to define the time parameters of a “recent occupant” for the purpose of rendering the “search-incident-to-arrest” exception applicable or inapplicable. We do find, however, under the circumstances presented — where mere minutes lapsed between the driver’s exit from his vehicle and his arrest, affording no opportunity for intervention and tampering with the evidence —that the warrantless search was pursuant to a lawful arrest. ...
490 So.2d at 1310 (emphasis added). The court distinguished State v. Vanderhorst, 419 So.2d 762 (Fla. 1st DCA 1982), where the appellant had been out of his car for 2½ hours before the search took place. See also State v. Marini, 488 So.2d 551 (Fla. 5th DCA 1986), where the appellant had been vacant from his car for four hours, and the search occurred after the car was moved to an impound lot. In the instant case, unlike Vanderhorst and Mari-ni, there is no evidence that the search occurred hours after Harden was arrested or that any opportunity arose for intervention and tampering with the evidence. To the contrary, the evidence establishes that Harden returned to his car while he and Barton were waiting for the cruiser to arrive, making him. more of a “recent occupant” at the time the search was conducted. The motion to suppress was therefore correctly denied on the basis that the search was valid incident to a lawful arrest.
WIGGINTON, J., concurs.
ZEHMER, J., dissents, with an opinion.