393 So.2d 67 (1981)
Robert Jarrett HERRING, Appellant,
v.
STATE of Florida, Appellee.
No. 79-685/T4-468.
District Court of Appeal of Florida, Fifth District.
February 4, 1981.
*68 Robert W. Lee, Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Joy B. Shearer, Asst. Atty. Gen., and Michael W. Strickland, Certified Legal Intern, West Palm Beach, for appellee.
ORFINGER, Judge.
After the trial court denied a motion to suppress a handgun found on appellant's person, appellant entered a plea of nolo contendere, specifically reserving his right to appeal the denial of his motion to suppress. We affirm.
On January 30, 1978, appellant was on duty as a security guard at an apartment complex in Orlando. Officer Scroggins of the Orlando Police Department was patrolling the complex when he spotted appellant and noticed an "extremely long, large, bulge, right side, right leg, under his coat." The bulge in appellant's coat was in the same location as a revolver which Officer Scroggins observed the appellant wearing approximately ten days earlier in a local restaurant. On the basis of these observations, Officer Scroggins suspected that appellant was carrying a concealed weapon. The officer stopped the appellant, asked him to lean against the police car and patted him down. He testified that he felt an object which he believed was a gun, and raising appellant's coat he discovered a .357 magnum revolver. The officer removed the gun, continued the pat down and found another revolver, a switchblade, and two speed loaders. The officer arrested the appellant, and charged him with carrying a concealed weapon.
Appellant asserts that the warrantless search for the revolver was unreasonable, and the weapon should have been inadmissible as evidence because the officer had not first arrested appellant for carrying a concealed weapon or for any other crime. Therefore, appellant argues, the search was not incident to a lawful arrest. He relies on cases such as Martin v. State, 360 So.2d 396 (Fla. 1978), which found that a search was illegal because it did not fit any of the recognized exceptions to warrantless searches.
Section 901.151, Florida Statutes (1979), gives an officer the authority to temporarily detain a person under circumstances which reasonably indicate that "such person has committed, is committing, or is about to commit a violation of the criminal laws of this state... ." In this case the officer's prior personal observation of a large revolver carried by appellant in a holster in plain view[1] about ten days earlier, bolstered by information supplied by other officers that appellant carried guns, when coupled with his observations on the night in question of an "extremely long, large bulge, right side, right leg" under appellant's coat, reasonably indicated to the officer that the appellant was committing an offense against the laws of the State of Florida.[2]
The identical circumstances and the same stop and frisk law gave the officer the right to search appellant for the dangerous weapon which could offer a threat to the safety *69 of the officer or any other person.[3] The fact that the crime which the officer believed appellant was committing was the carrying of a concealed firearm did not immunize appellant from a frisk for a weapon, and it was not necessary to arrest him first in order to search for the weapon. Baker v. State, 316 So.2d 657 (Fla. 1st DCA 1975). Thus Martin is not on point, because in that case the search was for drugs, not for a weapon, and there was no statutory or other authority to conduct a warrantless search which admittedly was for the sole purpose of finding the drugs. The Martin court does, however, recognize "stop and frisk" as one of the exceptions to a warrant requirement.
The trial court correctly denied the motion to suppress, so the judgment of conviction is
AFFIRMED.
COBB and SHARP, JJ., concur.
NOTES
[1] At the time of the observation of the holstered weapon, the officer testified that he was unfamiliar with the laws pertaining to the right of a security guard to carry a weapon, so he took no action at that time. Appellant, in response to an inquiry, had advised the officer that he had no concealed weapon permit.
[2] Section 790.01(2), Florida Statutes, states that the carrying of a concealed firearm is a third degree felony.
[3] Sec. 901.151(5), Fla. Stat. (1979):

Whenever any law enforcement officer authorized to detain temporarily any person under the provisions of subsection (2) of this section has probable cause to believe that any person whom he has temporarily detained, or is about to detain temporarily, is armed with a dangerous weapon and therefore offers a threat to the safety of the officer or any other person, he may search such person so temporarily detained only to the extent necessary to disclose, and for the purpose of disclosing, the presence of such weapon. If such a search discloses such a weapon or any evidence of a criminal offense, it may be seized.