# STATE OF FLORIDA v HILL

## Case No. 86-212606 TT A02

County Court, Palm Beach County, Florida

March 30, 1987

## APPEARANCES OF COUNSEL

**Amy Burns,** Certified Legal Intern, State Attorney's Office, for plaintiff.

**Thomas C. Gano** for defendant.

## OPINION OF THE COURT

ROBERT S. SCHWARTZ, County Judge.

THIS CAUSE WAS before the Court on 3-30-86 pursuant to the Defendant's motion to suppress the results of the breathalyzer test and the Court after having heard the argument of the parties, denies the motion.

In reaching this decision, the Court finds that the test was administered substantially in accordance with the rules and regulations adopted by HRS and that the defect in the procedures was insubstantial.

Chapter 316.1932(1)(b)(1) does not require strict compliance with HRS regulations, nor does it define substantial compliance. Further, the Court is unaware of any case that defines substantial compliance. Therefore, this Court holds that the standard to be applied, on a case-by-case basis, in determining whether the testing procedures have been performed substantially according to methods approved by the Department, is whether the defect prejudices the Defendant by raising a legitimate question regarding the authenticity or scientific reliability of the test results.

The Defendant alleged, and the State conceded, that the Defendant's name and test results were not included in the running log required by Rule 10D-42.24(14) promulgated pursuant to section 316.1932(1)(b)(1). There was no evidence that this was an intentional act by the Deputy Sheriff, nor was there any other defect alleged to exist in the running log. Further, there was no evidence that the Deputy involved failed to follow the other mandated procedures. Therefore, information required to be contained in the running log is available to the defense through documentation generated by compliance with other HRS regulations. The Defendant was unable to show how the defect could place into question the authenticity or scientific reliability of the test results. This being the case, there is no showing that the Defendant was in any way prejudiced by the omissions.

DONE AND ORDERED, this 30th day of March 1987 at West Palm Beach, Florida.