# STATE OF FLORIDA v DEKAY

## Case No. 87-049298 TT A02

County Court, Palm Beach County, Florida

October 6, 1987

**APPEARANCES OF COUNSEL**

**Ellen Roberts,** Assistant State Attorney, for plaintiff.

**Robert Malove,** Assistant Public Defender, for defendant.

**OPINION OF THE COURT**

ROBERT S. SCHWARTZ, County Judge.

THIS CAUSE CAME before the Court on October 6, 1987 pursuant to the Defendant's Motion to Exclude Breath Test Results. The Court having heard argument of counsel, and being otherwise fully advised in the premises, hereby grants the Defendant's motion.

The Defendant asserts that the operation of the breathalyzer was not in substantial compliance with the regulations of HRS as mandated by F.S. 316.1932(b)(1). This Court, in the case of *State v. Hill*, 26 Fla.Supp.2d 82, previously held that the standard to be applied, regarding whether there was substantial compliance, is whether the alleged violation prejudiced the Defendant by raising a legitimate question regarding the authenticity or scientific reliability of the test results. This standard is in consonance with the recent Third DCA case of *Gargone v. State*, 503 So.2d 421 (3d DCA 1987).

The Defendant was given two tests, within five minutes of one another. The results of the tests show a variation of approximately .021 or more. The Defendant asserts that test results were unacceptable as no third test or blood test was given in violation of the "Note" on the bottom of HRS form 1031. In support of this contention the Defendant cites this Court's previous decision in *State v. Humphries, 25 Fla.Supp.2d 100 (Palm Beach County Ct. 1987) in which this Court held that the "Note" on the bottom of HRS form 1031 was a rule with which there must be substantial compliance.*

The "Note" on HRS form 1031 states:

"The two (2) breath tests shall be run no more than five minutes (5) apart and the two results are acceptable if within + or − 0.02%. If more than 0.025 difference, a third (3) test or a blood test should be given . . .".

The State cites the Circuit Court Appellate Case of *State v. Manfredi*, 85-595 AC (F) 02 (1986) which addressed this identical issue, but which reached the opposite result. In that case Judge Burk determined that the note was not a rule with which there must be substantial compliance. This decision, coming from a Court having superior jurisdiction, would normally be binding on this Court, However, in reaching his decision, Judge Burk never addressed what effect should be given to Chapter 120.52(15).

Section 120.52(15) of the Florida Administrative Procedure Act states, inter alia, that a "Rule" includes in its definition:

". . . any form which imposes any requirement or solicits any information not specifically required by statute or by an existing rule."

This statute specifically contradicts Judge Burk's decision. Apparently the Appellee in the Manfredi case never argued this section as authority. Therefore, there being statutory authority to the contrary, it is necessary for this Court to give effect to the statute and decline to follow the above-cited decision.

The Court finds that the "Note" is a "Rule" of HRS with which the operator of a breathalyzer must substantially comply. Further this rule contains language which makes compliance mandatory rather than permissive. Further, the Court determines that the reason for the rule is to assure that the instrument is functioning properly and not reacting to some influence other than the alcohol contained in a suspect's breath. There was no substantial compliance with this rule as the deviation prejudiced the Defendant by raising a legitimate question as to the scientific reliability of the test results in the case at bar.

DONE AND ORDERED, this 6th day of October, 1987 at West Palm Beach, Florida.