541 So.2d 1350 (1989)
The STATE of Florida, Appellant,
v.
Mark TARBOX, Appellee.
No. 88-1819.
District Court of Appeal of Florida, Third District.
April 25, 1989.
*1351 Robert A. Butterworth, Atty. Gen., and Debora J. Turner and Giselle D. Lylen, Asst. Attys. Gen., for appellant.
Eric M. Cohen and Jack R. Blumenfeld, Coral Gables, for appellee.
Before HUBBART, BASKIN and COPE, JJ.
PER CURIAM.
This is an appeal by the state from a trial court order granting the defendant's motion to suppress a stolen video cassette recorder (VCR) in a criminal prosecution below for dealing in stolen property, petit theft, and violation of community control. In the order under review, the trial court made certain findings of fact which are supported by substantial, competent evidence; these facts may be briefly stated as follows.
On April 7, 1988, Detective Forrest Reed of the Metro-Dade Police Department was in the AAA Pawn Shop, Dade County, Florida, on routine inspection, when he observed the defendant Mark Tarbox enter the shop. The defendant removed a VCR from a black duffel bag and became engaged in conversation with one of the store employees; Detective Reed did not overhear any of this conversation. The defendant placed the VCR back in the duffel bag and left the pawn shop.
The defendant then walked into an adjacent barbershop where he subsequently removed the VCR from the black duffel bag and placed it on a table top inside the barber shop. Detective Reed walked into the barbershop, approached the defendant, identified himself as a police officer, and asked the defendant where he had gotten the VCR. The defendant replied that he had found it in some bushes behind his apartment complex. Detective Reed then said, "Well, I guess you're looking for a police officer to turn the property into"; the defendant made no reply. Detective Reed subsequently took the VCR into his possession, gave the defendant a property receipt for it, and informed the defendant that if no one claimed the VCR, it would be returned to him; the two then went their separate ways. A subsequent police check revealed that the VCR was stolen, and, accordingly, the defendant was arrested and prosecuted below.
The trial court suppressed the VCR as evidence on the basis that it constituted the fruit of an unreasonable seizure prohibited by the Fourth Amendment because Detective Reed had no reasonable suspicion to stop the defendant and no probable cause to seize the VCR. The fatal flaw in this analysis, however, is that Detective Reed never detained the defendant in the Fourth Amendment sense. He merely identified himself as a police officer and addressed a question to the defendant in the barbershop; this action, without more, cannot constitute a police seizure of the person of the defendant under the Fourth Amendment. Login v. State, 394 So.2d 183 (Fla. 3d DCA 1981). Accordingly, it follows that (a) the defendant was not illegally detained when he stated that he had found the VCR in some bushes behind his apartment complex, and (b) this statement gave Detective Reed probable cause to seize the property from the defendant as lost or abandoned property under Section 705.102, Florida Statutes (1987), which makes it "unlawful for any person who finds any lost or abandoned property to appropriate the same to his own use or to refuse to deliver the same when required."
For the above-stated reasons, the order under review is reversed and the cause is *1352 remanded to the trial court with directions to deny the defendant's motion to suppress.
Reversed and remanded.