GERSTEN, Judge.
This is an appeal from an order suppressing evidence and a statement. We reverse and remand.
Appellee,- Brian Scruggs, was charged with possession of cocaine. Appel-lee filed a motion to suppress the cocaine, alleging he had been stopped without a founded suspicion of criminal activity; therefore, the subsequent search of him was illegal.
The State asserts the trial court erred in granting the motion to suppress, because the uncontradicted evidence established a consensual police-citizen encounter between the police and appellee. Appellee contends that the encounter was not a consensual one, and that the police did not have a founded suspicion necessary for detaining him.
At the hearing on appellee’s motion to suppress, the only evidence presented was the depositions of the two arresting officers, Officers Rodriguez and Gonzalez. The depositions of the officers were materially consistent.
According to the depositions, Officers Rodriguez and Gonzalez, in separate police cars, were patrolling an apartment complex known for drug activity. Officer Rodriguez left his vehicle and began approaching appellee from the east side of the complex. Meanwhile, Officer Gonzalez continued his patrol to the west of the complex. When appellee saw Officer Gonzalez, he began running east, towards Officer Rodriguez.
When appellee saw Officer Rodriguez approaching him, he stopped and stood with his fist tightly clenched. The officer and appellee were standing about five feet apart at this juncture. Officer Rodriguez asked appellee what he had in his hand. Appellee responded, “[i]t’s only one rock.” Appellee then opened his hand and gave Officer Rodriguez a folded dollar bill containing cocaine.
The trial court, considering only the officers’ deposition testimony, entered a written order granting appellee’s motion to suppress. The trial court found no evidence of illegal conduct on the part of appellee “to support the requisite ‘founded’ suspicion necessary in order to justify a lawful, temporary detention.”
We conclude the encounter between ap-pellee and the officer was not a detention and therefore need not be based on a founded suspicion. As Justice White in his concurring opinion in Terry v. Ohio, 392 U.S. 1, 34, 88 S.Ct. 1868, 1886, 20 L.Ed.2d 889 (1968) explained, “[tjhere is nothing in the Constitution which prevents a policeman from addressing questions to anyone on the street.” Accord Lightbourne v. State, 438 So.2d 380 (Fla.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984); State v. Davis, 543 So.2d 375 (Fla. 3d DCA 1989); State v. Walden, 464 So.2d 691 (Fla. 5th DCA 1985); Login v. State, 394 So.2d 183 (Fla. 3d DCA 1981).
*719 In this case, the officer approached ap-pellee and merely asked him what he had in his hand. There was no evidence that the appellee was not free to leave. Further, there was no evidence that Officer Rodriguez blocked appellee’s path or that appel-lee was compelled to answer the officer’s question.
State v. Walden, 464 So.2d at 691, is on point. In Walden, a police officer approached the defendant and asked where the defendant lived. The officer also asked the defendant what was in a bag the defendant was carrying, and could the officer look inside the bag. The defendant then proceeded to extract items from the bag. The officer looked into the open bag, saw the handle of a revolver, seized the revolver, and arrested the defendant for possession of a concealed firearm. The trial court suppressed the revolver and the State appealed.
The Fifth District Court of Appeal reversed the suppression, finding that the defendant’s encounter with the officer was nothing more than a street encounter and not a stop. The revolver came into the officer’s view because of the voluntary act by the defendant in opening the bag and placing it where the officer could see its contents. State v. Walden, 464 So.2d at 693.
Here, appellee’s encounter with the officer was nothing more than a street encounter and not a stop. In response to the officer’s simple question, appellee voluntarily informed the officer what he held in his hand and then turned it over to the officer. See State v. G.H., 549 So.2d 1148 (Fla. 3d DCA 1989); State v. Davis, 543 So.2d at 376-377; State v. Tarbox, 541 So.2d 1350 (Fla. 3d DCA 1989); Zukor v. State, 488 So.2d 601 (Fla. 3d DCA), review denied, 496 So.2d 144 (Fla.1986); Login v. State, 394 So.2d at 189.
As established through the uncon-tradicted testimony of the arresting officers, this was simply a police-citizen encounter with no Fourth Amendment ramifications. Moreover, the trial court was not free to disregard the officers’ materially consistent and uncontroverted testimony. State v. G.H., 549 So.2d at 1149.
Accordingly, we reverse the order granting appellee’s motion to suppress, and remand this matter for further proceedings.