## STATE OF FLORIDA v DAVIS

# Case No. 89-0032-CA-AP-LpD (Lower Court Case No. 61293/4RW

Seventh Judicial Circuit, Volusia County

June 13, 1991

### APPEARANCES OF COUNSEL

**Ben Fox,** Assistant State Attorney, for appellant.

**Gregory M. Wagner, Esquire,** for appellee.

Before BRIESE, SMITH, JJ.

### OPINION OF THE COURT

BRIESE, Judge.

THIS COURT reviews the trial court's December 6, 1989 Order (R 20) granting Appellee's Motion to Suppress (R 16-18) based on the

State's alleged failure to substantially comply with HRS Rule 10D-42.024(1)(f) requiring a twenty minute observation period prior to the administration of a breath test. The only evidence of the suppression hearing was the testimony of the breath test/video operator and the maintenance technician. (See R 27-61, 62-87, respectively) and one composite exhibit consisting of an operational checklist and the instrument printer card (R 19).

Ormond Beach Police Officer, Jim Harvin, the breath test/video operator, testified that he first observed the Appellant 2:21 a.m. (R 33, 34, 36). The first breath test occurred at 2:47 a.m. with results of .181 percent; the second test occurred at 2:48 a.m. with results of .186 percent (R 30-31, 33, 43). The only exhibit in evidence, the instrument printer card confirms the above listed times (R 19). Officer Harvin was sure of the times involved since his wristwatch, a wall clock, and the intoxilyzer all had the same times (R 34, 37, 43-44, 52). Officer Harvin couldn't recall the time the video taping began or ended (R 35, 50, 60).

Defense Counsel, on cross-examination, asked two "if" (speculation) questions regarding time conflicts between the video operation and breath test operation; to which the officer answered (R 44). The Assistant State Attorney also asked about the discrepancy (R 37). The response was that the officer [who evidently completed the video processing form] apparently had the wrong time (R 37, See also R 50). The officer [Secord] who completed the video processing form was not called to testify. Likewise a video processing form was not admitted into evidence (R 50).

The standard to be applied herein is that the trial court's ruling has a presumption of correctness and this Court must interpret the evidence and reasonable inferences and deductions therefrom in a manner most favorable to sustaining the trial court's ruling. *Owen v State,* 560 So.2d 207 (Fla. 1990).

It is initially clear that the evidence showed that Officer Harvin complied with HRS Rule 10D-42.024(1)(f) by observing Appellee for twenty six minutes prior to the first breath test (See also R 36-37). There was no direct evidence, testimony or documentary exhibits to contradict Officer Harvin's testimony. Any discrepancy, if one existed, was explained, i.e., the officer who filled out the video processing form had the wrong time. The above testimony was "neither impeached, discredited, controverted, contradictory within itself, or physically impossible." The trial court must accept the evidence. *State v Scruggs,* 563 So.2d 717 (Fla. 3d DCA 1990); *State v G.H.,* 549 So.2d 1148 (Fla.

20

3d DCA 1989); and *State v Fernandez,* 526 So.2d 192 (Fla. 3d DCA 1988). Thus, the trial court's interpretation of the evidence cannot be sustained within the meaning of *Owens.*

Notwithstanding the above, even if there was a violation, this Court cannot reach a conclusion that there was not substantial compliance with HRS Rule 10D-42.024(1)(f). (See § 316.1932(1)(b), § 316.1934(3) *Fla. Stat.* (1989)). There was no showing that Appellee was prejudiced by raising a legitimate question regarding the authenticity of scientific reliability of the test results. See *State v Rinaldi,* 34 Fla. Supp.2d 122 (Palm Beach County Ct. 1989) and *State v Hill,* 26 Fla. Supp. 2d 83 (Palm Beach County Ct. 1987). The evidence is otherwise. The defense conceded that the Intoxilyzer 5000 was working properly (R 68). The two test results were within acceptable HRS limits indicating accuracy (R 31-32). See *State v Rinaldi, supra.*

Accordingly, the trial court's order granting Appellee's Motion to Suppress is reversed. The case is remanded for further proceedings.

SMITH, III, C.M., C.J., concurs.